UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

    Plaintiff,

v.   **MEMORANDUM OF LAW & ORDER**
Criminal File No. 12-253(4) (MJD)

DEMON ROBERT FRANKLIN,

    Defendant.

Thomas Hollenhorst, Assistant United States Attorney, Counsel for Plaintiff.

Matthew Deates, Federal Defender, Counsel for Defendant

## I.   Introduction

This matter is before the Court on Defendant Demon Robert Franklin's Motion for Early Termination of Supervised Release.  (Doc. 616.)  For the reasons stated below, the Court will grant Defendant's Motion.

## II.   Background

On December 13, 2012, Defendant pleaded guilty before this Court to conspiracy to distribute 100 grams of heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).  (Doc. 264.)  The Court subsequently sentenced Defendant to a term

of imprisonment of 120 months followed by four years of supervised release. (Doc. 369.)

On May 7, 2020, Defendant was released from the custody of the Bureau of Prisons and began living at a halfway house. Defendant is now living with family in a private residence and has approximately one year left on his term of supervision.

### III.   Discussion

#### A.   Legal Standard

Under 18 U.S.C. § 3583(e)(1) the Court may terminate a defendant's term of supervised release "at any time after the expiration of one year of supervised release" if the Court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." This statutory provision also encourages courts to look to the sentencing considerations set forth in 18 U.S.C. § 3553 when determining whether to grant a motion for early termination of supervised release. Further, the United States Sentencing Guidelines state that the Court "is encouraged to exercise this authority in appropriate cases." U.S.S.G. § 5D1.2, cmt. (n.5).

### B. Franklin's Motion

Defendant's conduct, both in BOP custody and during his term of supervised released thus far, demonstrates that he is an appropriate candidate for early termination of supervised release.

While in BOP custody, Defendant followed the Court's directive at sentencing and obtained his GED and completed the BOP's Residential Drug Abuse Treatment Program. He also completed other beneficial programming, including parenting and culinary arts coursework.

After his release, Defendant complied with the terms and conditions of his supervised release. He has never failed a drug test during his three years of supervised release. Defendant also completed additional substance abuse treatment programming and has obtained steady, full time employment as a book binder. He spends time volunteering for two non-profit organizations that assist homeless individuals.

Defendant has completed nearly three quarters of his four-year term of supervised release without issue. He seeks early termination of his supervision so that he can more easily visit his children and other family members who reside out-of-state.

The Court acknowledges that it is the policy of the United States Probation and Pretrial Services office not to recommend early termination of supervised release where, as here, a defendant fits the criteria of a "career drug offender." Guide to Judiciary Policy, Vol. 8E, Ch. 3 § 360.20, <u>Early Termination</u>, available at https://jnet.ao.dcn/policy-guidance/guide-judiciary-policy/volume-8-probation-and-pretrial-services/part-e-post-conviction-supervision/ch-3-framework-effective-supervision#360_20.  However, the Court finds that Defendant's positive conduct while in BOP custody and during his first three years of supervised release, and the fact that he only has one year of supervision remaining, together outweigh the considerations presented by Defendant's history of controlled substance offenses.

## ORDER

Accordingly, based on Defendant's Motion, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion for Early Termination of Supervised Release (Doc. 616) is **GRANTED** and Defendant's term of supervised release is hereby terminated.

Dated:  March 23, 2023                                 <u>s/Michael J. Davis</u>
                                                                              Michael J. Davis
                                                                              United States District Court